UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>   Plaintiff,<br><br>   v.<br><br>DONALD TRUMP,<br><br>   Defendant. | No. 2:18-cv-00610 KJM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

1

policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff brings suit under several sections of the federal criminal code (18 U.S.C. § 351, 18 U.S.C. § 1113, 18 U.S.C. § 371, and 18 U.S.C. § 241) against defendant Donald Trump. ECF No. 1 at 1. Plaintiff's complaint is largely incoherent. From what the court can comprehend, plaintiff alleges that when she tried to make copies at the Federal Courthouse in Sacramento, California, a court employee refused to make a copy for her and refused to provide change for a dollar bill. ECF No. 1 at 2. Plaintiff alleges that she does not understand English and was harassed by an "S.S. employee" in an elevator. Id. Plaintiff states she does not understand why "S.S. employee able to speak English in face 76 years old white lady with distance." Id. Plaintiff asserts that as she was leaving the federal building an "S.S." followed her and pulled the right hand of her care provider and said "I put on floor." Id. Her care provider requested the evaluation of the governmental employee's alleged assault against him. Id.

In seemingly unconnected claims, plaintiff references a past lawsuit she filed against former President Obama for stopping her "IHSS" (which the court interprets to stand for In Home Support Services) payments to her care provider. ECF No. 1 at 3. Plaintiff mentions that her social security payments have stopped. Id. at 4. Plaintiff alleges that defendant Trump ordered an attack on her while she was at a Costco. Id. Plaintiff alleges that defendant Trump paid cash to gang members from Russia in the USA and that she lost 20 kilograms between September 2015 and May 2016 due to the neglect of government employees. Id. The remainder of plaintiff's handwritten complaint is unintelligible.

B. Analysis

The complaint before the court includes no cognizable claims, and contains no factual allegations suggesting the existence of any cognizable claim. The undersigned therefore

recommends dismissal without leave to amend.

First, plaintiff brings only claims that are based on federal criminal law. ECF No. 1 at 1. A citizen does not have authority to bring criminal charges, and cannot bring a civil suit for damages under the criminal code. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Plaintiff cannot bring the federal criminal claims described in her complaint, and no other federal claims are apparent from the content of her complaint.

Second, plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a) because it does not provide "a short and plain statement showing that plaintiff is entitled to relief." Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support the plaintiff's claims. The complaint before the court is largely incoherent, and its assertions of legal wrongdoing are conclusory. The complaint therefore fails to satisfy Rule 8.

Third, the facts alleged in the complaint (to the extent they are discernable) fail the "facial plausibility" requirement of Twombly, supra. In particular, the allegations involving President Trump's attack on plaintiff at Costco are plainly fantastical or delusional and thus subject to dismissal as factually baseless. See Neitzke, 490 U.S. at 327-28.

While a failure to satisfy Rule 8 standards may in some circumstances be cured by amendment, the other deficiencies identified above cannot be corrected by the pleading of additional facts. Accordingly, the undersigned further recommends that the complaint be dismissed without leave to amend granted. The content of plaintiff's complaint amply

demonstrates that amendment would be futile.  See Noll, 809 F.2d at 1448.[1]

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  March 30, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's substantial litigation history further counsels against amendment.  Since 2014, plaintiff has filed twenty (20) cases in this District, sixteen (16) of which were dismissed at the screening stage for failure to state a claim or for failure to prosecute, and four (4) of which remain open.  See (*closed cases*):  Iegorova v. Obama, 2:14-cv-01415-GEB-EFB; Iegorova v. Target Corporation, 2:14-cv-03014-MCE-KJN; Iegorova v. Lieninger, 2:14-cv-3016-GEB-EFB; Iegorova v. HUD, 2:15-cv-00726-KJM-KJN; Iegorova v. Kristyuk et al, 2:15-cv-00742-TLN-AC; Iegorova v. Vintage Knools and Vintage Woods, 2:15-cv-00884-TLN-KJN; Iegorova v. Jawale, 2:15-cv-00885-TLN-CKD; Iegorova v. Intercontinental Hotel Group, 2:15-cv-01116-MCE-AC; Iegorova v. Chase Bank, 2:15-cv-01281-TLN-EFB; Iegorova v. Sacramento Police Dep't., 2:15-cv-01531-KJM-CKD; Iegorova v. Drozhzhin, 2:15-cv-01545-KJM-GGH; Iegorova v. Fairwood Apartment, 2:15-cv-01651-MCE-CKD; Iegorova v. Palatnik, 2:15-cv-01691-KJM-CKD; Iegorova v. Bondaruk, 2:15-cv-01603-MCE-GGH; Iegorova v. Hobble, 2:17-cv-02221-GEB-KJN; Iegorova v. Johnson, 2:17-cv-02001-MCE-AC; (*open cases*): Iegorova v. Shlesinger, 2:16-cv-02930-KJM-EFB; Iegorova v. Wilkerson, 2:17-cv-02222-JAM-EFB; Iegorova v. Chernyetsky, 2:17-cv-02296-JAM; Iegorova v. Social Security Administration, 2:18-cv-00602-KJM-DB.